# Exhibit A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2013 NOV -5 PM 3: 06

CLERK SUPERIOR COURT
SAN DIEGO, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Cavalry Portfolio Services, LLC and DOES 1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dennis Schultz

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Superior Court, North County Division
325 S. Melrose, Vista, CA 92081

**CASE NUMBER:**
*(Número del Caso):*
37-2013-00074212-CL-MC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen S. Spicker, Esq. SBN 127934 Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008

DATE: November 5, 2013          Clerk, by    I. Plasencia    , Deputy
*(Fecha)*                       *(Secretario)*               *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Cavalry Portfolio Services, LLC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/12/13

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  Karen S. Spicker, SBN 127934
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333 • Fax (760) 720-6082
   karen@doanlaw.com
4

5  Attorney for PLAINTIFF
   DENNIS SCHULTZ
6

7

FILED
NORTH COUNTY DIVISION

2013 NOV -5 PM 3: 06

CLERK SUPERIOR COURT
SAN DIEGO, CA

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO—NORTH COUNTY JUDICIAL DISTRICT

| | |
|---|---|
| DENNIS SCHULTZ, | Case No.   37-2013-00074212-CL-MC-NC |
| Plaintiff, | **COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, INJUNCTIVE RELIEF; AND DECLARATORY RELIEF,  FOR:** |
| vs. | |
| CAVALRY PORTFOLIO SERVICES, LLC, and DOES 1 through 10, inclusive; | **1) VIOLATIONS OF CAL CIV. CODE §1788.17 (under 15 U.S.C. §1692e(2(a))** |
| | **2) VIOLATIONS OF 15 U.S.C. §1692e(2(a)** |
| Defendants. | **3)VIOLATIONS OF CAL CIV. CODE §1788.17 (under 15 U.S.C. §1692e(5))** |
| | **4)VIOLATIONS OF 15 U.S.C. §1692e(5))** |
| | **5) VIOLATIONS OF CAL CIV. CODE §1788.17 (under 15 U.S.C. §1692e(10))** |
| | **6) VIOLATIONS OF 15 U.S.C. §1692e(10)** |
| | **7) VIOLATIONS OF CAL CIV. CODE §1788.13(f)** |
| | **8) VIOLATIONS OF CAL CIV. CODE §1788.13(j)** |
| | **JURY TRIAL DEMANDED** |
| | **AMOUNT IN CONTROVERSY: In excess of $10,000.00 but not to exceed $25,000.00** |

# I.

## INTRODUCTION

1.    Plaintiff DENNIS SCHULTZ (hereinafter "DENNIS SCHULTZ" and/or "PLAINTIFF") brings this lawsuit against the DEFENDANTS, CAVALRY PORTFOLIO SERVICES, LLC, and DOES 1-10 INCLUSIVE (hereafter "CAVALRY" or DEFENDANTS), for violations of California Civil Codes §§1788.17.

# II.

## FINDINGS AND PURPOSE OF

## CALIFORNIA CIVIL CODE §1788 et seq.,the  RFDCPA

2.    The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**:

> *(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

> *(2)   There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

> *(3)   It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3.    On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA") which also superceded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

4.   The United States Congress has made the following **findings** and declaration of **purpose** under the **FDCPA**:

      *(a)   Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

      *(b)   Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

      *(e)   Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

### III.

### JURISDICTION

5.   Jurisdiction of this Court arises under California  Code Civil Procedure section 410.10 *et seq.*

### IV.

### PARTIES

6.   At all times alleged herein, Plaintiff was an individual residing in the City of Oceanside, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff.  Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h).

7.   Plaintiff is informed and believes, based and thereon alleges, that Defendant CAVALRY is in the business of purchasing and buying credit card debt and collecting on the same

1    for individuals residing in the County of San Diego, State of California.

2   8.    Defendants and each of them are not an attorney or counselor at law, and in the ordinary

3    course of business Defendants purchase distressed debt and regularly engage in debt

4    collection, as that term is defined in California Civil Code §1788.2. Defendants and each

5    of them are a "debt collector," as that term is defined by California Civil Code

6    §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil

7    Code §1788.2(g).

8   9.    All communications that are the subject of this complaint occurred within one year of

9    filing this complaint.

10   10.   The true names and capacities, whether individual, corporate, associate or other, of the

11    defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When

12    the true names and capacities of such defendants are ascertained, Plaintiff shall amend

13    this complaint to allege the same. Plaintiff is informed and believes, and based thereon

14    alleges, that each such fictitiously named defendant herein is responsible for each of the

15    acts and omissions alleged herein.

16   11.   For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all

17    agents, employees, officers, members, directors, heirs, successors, assigns, principals,

18    trustees, sureties, subrogees, representatives, and insurers of Defendants and each of

19    them herein.

20   12.   The Defendants, and each of them, were acting on their own behalf and as the agents,

21    servants, partners, joint venturers, and employees of each other, and within the scope of

22    their agency, authority and employment.

23   13.   This case involves money, property or their equivalent, due or owing or alleged to be

24    due or owing from a natural person by reason of a consumer credit transaction.  As such,

25    this action arises out of a "consumer debt" and "consumer credit" as those terms are

26    defined by California Civil Code §1788.2(f).

27

28   ///

## V.

## FACTS

### Plaintiff Retained Doan Law Firm, LLP

14.   Defendants allege that Plaintiff owed a Citi "debt", account ending in 3915, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5). Defendants allege that Defendants have a right to collect on the same.

15.   On **June 18, 2013**, Plaintiff retained DOAN LAW FIRM, LLP to dispute the validity of the debt, to end communications on the debt under the RFDCPA and to ensure that creditors accurately and completely report account information to each credit reporting bureau.

16.   Specifically, DOAN LAW FIRM, LLP was retained to provide the following four (4) services:

1)   Stop all future communications and harassment from Defendants using Civil Code §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 *et seq*.);

2)   Dispute the validity of the debt alleged based on 15 U.S.C. §§1692c and 1692d, among other things, the Citi debt was satisfied, the statute of frauds, standing in light of securitization, set off rights, improper fees and interest charges and other state and federal statutes;

3)   Ensure that Defendants comply with Civil Code §1785.25(a) and correctly and accurately report to credit reporting agencies information about Plaintiff's account, and fact that the enforceability was disputed;

4)   Ensure that Defendants comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA).

### Legal Help Was Provided To Protect Plaintiff from Defendants:

17.   Plaintiff notified Defendants that the alleged Citi debt, account ending in 3915, was paid in full as of December 12, 2011. True and correct copies of the Satisfaction Letter is attached hereto as **Exhibit "A"**.

1   18.   Despite Plaintiff's numerous verbal notices to Defendant that the original Citi account

2         ending in 3915 had already been satisfied, Defendants continued to send Plaintiff notices

3         attempting to collect a debt that had already been satisfied. True and correct copies of the

4         collection notice is attached hereto as **Exhibit "B"**.

5   19.   Plaintiff verbally advised Defendants at least **five (5)** times that the debt was satisfied.

6         Plaintiff requested Defendants contact the original creditor to verify satisfaction. Despite

7         Plaintiff's courtesy call, Defendants sent Plaintiff at least **four (4), probably more**,

8         letters for at least **three (3)** years attempting to collect a debt that was already satisfied.

9

10        **DEFENDANTS Committed at least four (4) Unlawful Communications**

11  20.   Defendants intentionally, willfully, deliberately, and knowingly refused to abide by the

12        laws of the RFDCPA and FDCPA by trying to collect a debt that has been previously

13        satisfied.

14  21.   Specifically, Defendants continued communications with Plaintiff, as further evidenced

15        by the collection notice attached hereto as **Exhibit "B"**.

16  22.   The numerous communications evidence a pattern and practice wherein Defendants

17        engaged in unlawful harassment and abuse to coerce payment.

18  23.   Upon receiving payment, Defendants represented that the harassment and abuse would

19        stop and Defendants would restore to Plaintiff his right to privacy and peace of mind.

20  24.   Plaintiff is informed and believes and based thereon alleges that the calls are continuing

21        and that there are additional violations under Civil Code §1788.17 and that discovery will

22        reveal further violations.

23

24        **DEFENDANTS Willfully and Knowingly Violated the RFDCPA:**

25  25.   As a "Debt Collector," Defendants and each of them are fully aware of California's

26        debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated

27        therein.

28  26.   Defendants and each of them are aware that full and complete compliance with the

1   Truth in Lending Act ("TILA") may take place by communicating with Plaintiff's
2   attorney, pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as
3   set forth above.

4   27.   There is no conflict of law between the RFDCPA and TILA since Defendants can
5   comply with TILA by sending correspondence to Plaintiff's attorney, instead of
6   Plaintiff.

7   28.   Defendants knew each of its harassing communications were willful and knowing
8   violations of Title 1.6C of the California Civil Code §1788 *et seq.* and 15 U.S.C. §1692
9   *et seq.* as incorporated therein.

10   29.   Defendants' harassing communications, as set forth above, were willful and knowing
11   violations of Title 1.6C of the California Civil Code §1788 *et seq.*, and 15 U.S.C. §1692
12   *et seq.* to the extent incorporated therein.

13   30.   Defendants' harassing communications, as set forth above, are part of an overall
14   unlawful business pattern and practice whereby Defendants knowingly, willfully, and
15   intentionally enterprised a profitable unlawful collection scheme to derive profits
16   through the incomplete and inaccurate information and through harassing
17   communications and intentional misinterpretation of TILA laws.

18   31.   Defendants rarely, if ever, are pursued or sued over such harassing communications, and
19   reporting violations since very few debtors are aware that their rights are being violated,
20   rarely have the financial resources to pursue such claims, and/or very few attorneys are
21   willing to take on such cases.

22   32.   Defendants are highly motivated to continue their harassing communications since any
23   payments made to resolve any judgments or settlements for such unlawful conduct are
24   minuscule when compared to the overall profits generated from such unlawful conduct.

25
26   **PLAINTIFF  Suffered Damages as a Result of DEFENDANTS' Conduct**
27
28   33.   As a direct result of Defendants' harassing communications, Plaintiff has incurred actual

damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering, and other injuries. Plaintiff, in receiving numerous letters, felt hopeless and felt there was no way out every time.

34.   Plaintiff had multiple surgeries and was recovering therefrom for **six (6)** months while receiving Defendants letters. Despite Plaintiff giving Defendants notice that the debt was satisfied, Defendants consistently sent at least **four (4) probably more**, letters for at least **three (3)** years reflecting otherwise. Already in pain from his surgeries, Defendants' communications exacerbated Plaintiff's pain and suffering.

35.   Plaintiff will incur out of pocket monetary damages when attorney fees and costs are due and owing for services provided to recover Plaintiff's damages for Defendants' violations of the RFDCPA and FDCPA.

36.   Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

37.   Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

38.   Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

/ / /

/ / /

/ / /

# VI.

## EIGHT (8) CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA

### (Under 15 U.S.C. §1692e(2(a)))

39.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

40.  California Civil Code §1788.17, the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

41.  15 U.S.C. §1692e(2(a)) as incorporated into §1788.17 the FDCPA provides:

> *A debt collector may not use any false, deceptive or misleading information or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> > *(2) The false representation of-*
> >
> > > *(A) the character, amount, or legal status of any debt;*

42.  Defendants violated 15 U.S.C. §1692e(2(a)) by unlawfully representing the amount owed on the alleged debt and reflecting same in at least **four (4), probably more,** letters unlawfully sent to Plaintiff. In each letter Defendants disclosed a balance that Plaintiff allegedly owed. Said balance was paid at least **(3) years ago.**

43.  Despite Plaintiff notifying Defendants numerous times of the paid balance, Defendants continued to send Plaintiff letters requesting that Plaintiff pay alleged amount owed.

44.  More specifically, the letters stated that Plaintiff had an outstanding balance of **$5,210.19.** Further, it states that "We have told a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in

1    your credit report." True and correct copies of the collection notice is attached hereto as

2    **Exhibit "B"**.

3    45.   Defendants knew the alleged debt was satisfied but continued to make Plaintiff believe

4          he owed the same.

5    46.   Plaintiff was mortified and suffered intense stress, and anxiety as a result of the

6          Defendants' behavior of continuously attempting to collect a debt that has been

7          satisfied.

8    47.   The foregoing violations of 15 U.S.C. §1692e(2(a)) by Defendants resulted in separate

9          violations of California Civil Code §1788.17.

10   48.   California Civil Code §1788.17 provides that Defendants and each of them are subject

11         to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15

12         U.S.C. §1692e(2(a)).

13   49.   The foregoing violations by Defendants were willful and knowing violations of Title

14         1.6C of the California Civil Code (RFDCPA), are sole and separate violations under

15         California Civil Code §1788.30(b), and trigger a **penalty of up to $1,000.00**.

16

17                          **SECOND CAUSE OF ACTION:**

18                  **VIOLATION OF Under 15 U.S.C. §1692e(2(a))**

19   50.   Plaintiff realleges and incorporates by reference the above paragraphs as though set

20         forth fully herein.

21   51.   15 U.S.C. §1692e(2(a)) as incorporated into §1788.17 the FDCPA provides:

22                  *A debt collector may not use any false, deceptive or misleading information or*

23                  *means in connection with the collection of any debt. Without limiting the general*

24                  *application of the foregoing, the following conduct is a violation of this section:*

25                          *(2) The false representation of-*

26                                  *(A) the character, amount, or legal status of any debt;*

27   52.   Defendants violated 15 U.S.C. §1692e(2(a)) by unlawfully representing the amount

28         owed on the alleged debt and reflecting same in at least **four (4), probably more,** letters

1   unlawfully sent to Plaintiff. In each letter Defendants disclosed a balance that Plaintiff

2   allegedly owed. Said balance was paid at least **(3) years ago**.

3   53.   Despite Plaintiff notifying Defendants numerous times of the paid balance, Defendants

4   continued to send Plaintiff letters requesting that Plaintiff pay alleged amount owed.

5   54.   More specifically, the letters stated that Plaintiff had an outstanding balance of

6   **$5,210.19**. Further, it states that "We have told a credit bureau about a late payment,

7   missed payment or other default on your account. This information may be reflected in

8   your credit report." True and correct copies of the collection notice is attached hereto as

9   **Exhibit "B"**.

10   55.   Defendants knew the alleged debt was satisfied but continued to make Plaintiff believe

11   he owed the same.

12   56.   Plaintiff was mortified and suffered intense stress, and anxiety as a result of the

13   Defendants' behavior of continuously attempting to collect a debt that has been

14   satisfied.

15   57.   The foregoing violations by Defendants were willful and knowing violations of 15

16   U.S.C. §1692e(2(a)) and trigger a **penalty of up to $1,000.00.**

17

18   **THIRD CAUSE OF ACTION:**

19   **VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA**

20   **(Under 15 U.S.C. §1692e(5))**

21   58.   Plaintiff realleges and incorporates by reference the above paragraphs as though set

22   forth fully herein.

23   59.   California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

24   *Notwithstanding any other provision of this title, every debt collector collecting*

25   *or attempting to collect a consumer debt shall comply with the provisions of*

26   *§1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of*

27   *Title 15 of the United States Code.*

28   60.   15 U.S.C. § 1692e(5) of the FDCPA provides:

1          *A debt collector may not use any false, deceptive or misleading information or*

2          *means in connection with the collection of any debt. Without limiting the general*

3          *application of the foregoing, the following conduct is a violation of this section:*

4          *(5) The threat to take any action that cannot be legally taken or that is*

5          *not intended to be taken.*

6   61.   Defendants violated 15 U.S.C. §1692e(5), as incorporated in the RFDCPA, since

7       Defendants threatened to pursue a legal action against Plaintiff, to recover an alleged

8       debt not owed.

9   62.   Defendants told Plaintiff "we will take you to Court if you don't pay."

10   63.   California Civil Code §1788.17 requires that Defendants comply with the provisions of

11       15 U.S.C §1692e(5).

12   64.   The foregoing violations of 15 U.S.C §1692e(5) by Defendants resulted in separate

13       violations of California Civil Code Section §1788.17.

14   65.   California Civil Code §1788.17 provides that Defendants and each of them are subject

15       to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15

16       U.S.C. §1692e(5).

17   66.   The foregoing violations by Defendants were willful and knowing violations of Title

18       1.6C of the California Civil Code (RFDCPA), are sole and separate violations under

19       California Civil Code Section § 1788.30(b), and trigger **a penalty of up to $1,000.00**.

20

21                    **FOURTH CAUSE OF ACTION:**

22                **VIOLATION OF 15 U.S.C. §1692e(5)**

23   67.   Plaintiff realleges and incorporates by reference the above paragraphs as though set

24       forth fully herein.

25   68.   15 U.S.C. § 1692e(5) of the FDCPA provides:

26          *A debt collector may not use any false, deceptive or misleading information or*

27          *means in connection with the collection of any debt. Without limiting the general*

28          *application of the foregoing, the following conduct is a violation of this section:*

> *(5) The threat to take any action that cannot be legally taken or that is*
> *not intended to be taken.*

69. Defendants violated 15 U.S.C. §1692e(5), since Defendants threatened to pursue a legal action against Plaintiff, to recover an alleged debt not owed.

70. Defendants told Plaintiff "we will take you to Court if you don't pay."

71. The foregoing violations by Defendants were willful and knowing violations of 15 U.S.C. §1692e(5) and triggers **a penalty of up to $1,000.00**.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA
### (Under 15 U.S.C. §1692e(10))

72. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

73. 15 U.S.C. § 1692e(10) of the FDCPA provides:

> *A debt collector may not use any false, deceptive or misleading information or*
> *means in connection with the collection of any debt. Without limiting the general*
> *application of the foregoing, the following conduct is a violation of this section:*
> > *(10) the use of any false representation or deceptive means to collect or*
> > *attempt to collect any debt or to obtain any information concerning a*
> > *consumer.*

74. Plaintiff alleges that Defendants made false claims regarding the nature of the alleged debt. Further, Defendants falsely represented the alleged debt by stating that Plaintiff still owed the same.

75. Defendants unlawfully sent Plaintiff numerous letters stating that Plaintiff owed a debt. Plaintiff contacted Defendants and advised that the account in question had been satisfied.

76. The letters asserted, erroneously, that Plaintiff owed a debt and that Defendants were still permitted to contact Plaintiff.

77. More specifically, the letters stated that Plaintiff had an outstanding balance of **$5,210.19**. Further, it states that "We have told a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in your credit report." True and correct copies of the collection notice is attached hereto as **Exhibit "B"**.

78. Defendants' misleading and deceptive means of collecting on the alleged debt left Plaintiff feeling confused about his legal rights.

79. The statement by Defendants that Plaintiff owed a debt represents an attempt to dishonestly and unlawfully misrepresent the law under the RFDCPA and FDCPA, and in fact undermines their purpose and intent.

80. Moreover, this misrepresentation caused Plaintiff confusion as to his legal rights, and led Plaintiff to believe that Defendants have a right to collect on a debt that has already been paid and they absolutely do not.

81. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692e(10).

82. The foregoing violations of 15 U.S.C §1692e(10) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

83. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692e(10).

84. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **a penalty of up to $1,000.00.**

## SIXTH CAUSE OF ACTION:
## VIOLATION OF 15 U.S.C. §1692e(10)

85. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

---

COMPLAINT
14

86. 15 U.S.C. § 1692e(10) of the FDCPA provides:

> A debt collector may not use any false, deceptive or misleading information or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

87. Plaintiff alleges that Defendants made false claims regarding the nature of the alleged debt. Further, Defendants falsely represented the alleged debt by stating that Plaintiff still owed the same.

88. Defendants unlawfully sent Plaintiff numerous letters stating that Plaintiff owed a debt. Plaintiff contacted Defendants and advised that the account in question had been satisfied.

89. The letters asserted, erroneously, that Plaintiff owed a debt and that Defendants were still permitted to contact Plaintiff.

90. More specifically, the letters stated that Plaintiff had an outstanding balance of **$5,210.19**. Further, it states that "We have told a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in your credit report." True and correct copies of the collection notice is attached hereto as **Exhibit "B"**.

91. Defendants' misleading and deceptive means of collecting on the alleged debt left Plaintiff feeling confused about his legal rights.

92. The statement by Defendants that Plaintiff owed a debt represents an attempt to dishonestly and unlawfully misrepresent the law under the RFDCPA and FDCPA, and in fact undermines their purpose and intent.

93. Moreover, this misrepresentation caused Plaintiff confusion as to his legal rights, and led Plaintiff to believe that Defendants have a right to collect on a debt that has already been paid and they absolutely do not.

94. The foregoing violations by Defendants were willful and knowing violations 15 U.S.C. §1692e(10), and triggers **a penalty of up to $1,000.00**.

## SEVENTH CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE §1788.13(f)

95. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

96. California Civil Code Section 1788.13(f) provides:

> *No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:*
>
> > *(f) The false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.*

97. Defendants violated California Civil Code Section 1788.13(f) since Defendants sent Plaintiff at least **four (4) probably more,** notices stating "We have told a credit bureau about a late payment, missed payment or other default on your account."

98. Defendants were fully aware that their representation of the Citi debt, account ending in 3915, was false. Plaintiff gave Defendant's at least **five (5)** verbal notices that the alleged debt owed had been satisfied.

99. The forgoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section 1788.13(f), and trigger **a penalty of up to $1,000.00**.

## EIGHTH CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE §1788.13(j)

100. Plaintiff realleges and incorporates by reference the above paragraphs as though set

1     forth fully herein.

2    101.    California Civil Code Section 1788.13(j) provides:

3               *No debt collector shall collect or attempt to collect a consumer debt by means of*

4               *the following practices:*

5                    *(f) The false representation that a legal proceeding has been, is about to*

6                    *be, or will be instituted unless payment of a consumer debt is made.*

7    102.    Defendants violated California Civil Code Section 1788.13(j) since Defendants

8          threatened to pursue a legal action against Plaintiff, to recover an alleged debt not

9          owed.

10   103.    Defendants told Plaintiff "we will take you to Court if you don't pay."

11   104.    Defendants were fully aware that their representation of the Citi debt, account ending in

12          3915, was false. Further, Defendants knew they could not pursue a legal action against

13          Plaintiff for an alleged debt that had already been satisfied.

14   105.    The forgoing act(s) by Defendants were willful and knowing violations of Title 1.6C of

15          the California Civil Code (RFDCPA), are sole and separate violations under California

16          Civil Code Section 1788.13(j), and trigger **a penalty of up to $1,000.00**.

17

18                                 **VII.**

19                       **PRAYERS FOR RELIEF**

20 WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully

21 prays this Court grant relief in excess of **$10,000.00 but not to exceed $25,000.00** monetary

22 damages (**Actual Damages, Statutory Penalties, Attorney Fees and Costs according to**

23 **proof, Injunctive Relief, and Declaratory Relief**).

24         Such relief is reasonably justified under the circumstances, and is more specifically

25 broken down as follows:

26      A.     **Actual Economic Damages** totaling at least **$1,181.67**, consisting of **$166.67**

27            **attorney fees** previously paid to DOAN LAW FIRM, LLP to end the harassment,

28            and **$15.00** in transportation, gasoline, telephone call charges, and postage,

1    pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages**

2    pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and

3    other economic damages accruing prior to the Order for Bankruptcy Relief;

4    B.    **Actual Non-Economic Damages** of **at least $10,000.00** pursuant to California

5    Civil Code §1788.30(a) for mental and emotional distress, anxiety, fear,

6    embarrassment, distractions at place of work, and other injuries;

7    C.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

8    violations of Civil Code §1788.17 (under 15 U.S.C. §1692e(2(a));

9    D.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

10   violations of 15 U.S.C. §1692e(2(a));

11   E.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

12   violations of Civil Code §1788.17 (under 15 U.S.C. §1692e(5));

13   F.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

14   violations of 15 U.S.C. §1692e(5));

15   G.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

16   violations of Civil Code §1788.17 (under 15 U.S.C. §1692e(10);

17   H.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

18   violations of 15 U.S.C. §1692e(10);

19   I.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

20   violations of Civil Code §1788.13(f);

21   J.    **Statutory Penalties of at least $1,000.00** against Defendants arising from

22   violations of Civil Code §1788.13(j)

23   K.    **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant

24   to California Civil Code §§1788.14, 1788.17, and Cal. Code Civ. Proc. §1021.5.

25   L.    **Injunctive Relief** against Defendants, restraining them from any further contact

26   with Plaintiff and from reporting incomplete and inaccurate information to credit

27   reporting agencies;

28   M.    **Declaratory Relief** against Defendants, declaring their practices of

**COMPLAINT**
18

1    communicating with and harassing Plaintiff was in violation of California Civil

2    Code Section §§1788.14, and 1788.17; and

3    N.    Such **other and further relief** as the Court may deem just and proper.

4

5                                        Respectfully submitted,

6                                        **DOAN LAW FIRM, LLP**

7

8    Dated:    11 · 5 · 13          By: Karen S Spicer

9                                        Karen S. Spicer, Esq.
                                         Attorney for Plaintiff
10                                       DENNIS SCHULTZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

PENTAGROUP FINANCIAL, LLC
Toll Free:  800-545-0784
Houston Local:  (832) 615-2100

P.O. Box 742209
Houston, Texas 77274

ADDRESS SERVICE REQUESTED

8765402
12 December 2011
SIFCON

DENNIS  SCHULTZ
2316 PASEO DE LAURA #204
OCEANSIDE, CA  92056-

| | |
|---|---|
| Creditor: | CITIFINANCIAL INC. |
| Account Number: | 672009120183915 |
| Brand Name: | |

Pentagroup Financial, LLC
5959 Corporate Drive, Suite 1400
Houston, Texas  77036

Dear DENNIS  SCHULTZ

This letter will verify that the above referenced account is considered settled.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

If you believe you have been treated in an unprofessional manner, please email your concerns including your contact information, employee name and your account number to: compliance@pentagroup.us.

# EXHIBIT B

PO Box 520
Valhalla, NY 10595

**Cavalry**

Phone: (866) 434-2995 • FAX: (914) 347-1973
www.cavalryportfolioservices.com

May 15, 2013

RE: Original Institution:    CitiFinancial
Original Account No.:   2009120183915
Cavalry Account No.:    14139307
Outstanding Balance:   $5210.19

Dennis Oliver Schulz
2316 PASEO DE LAURA APT 204
OCEANSIDE CA 92056-3749

---

**ARE YOU GETTING A TAX REFUND?
WHY NOT USE IT TO TAKE ADVANTAGE
OF ONE OF OUR GREAT OFFERS THIS YEAR.**

## 40% OFF

Cavalry wants you to get the most out of your tax refund this year by offering a __40%__ discount to help pay your account.

Even if you didn't get a tax refund, you are still entitled to take advantage of this great offer.

That's right, you can settle your account *right now for* __$3126.11__. Simply mail your payment along with the coupon at the bottom of this page.

If you prefer, you can also pay this off in 5 monthly installments of $729.42. A savings of $1563.09.

Please feel free to call us at *(866) 434-2995* to discuss this or the many exciting payment programs available at Cavalry. You can also visit us online at *www.cavalryportfolioservices.com* to make a payment or check account information.

Sincerely,
Cavalry Portfolio Services, LLC

*This Offer Expires 30 Days From The Date Of This Correspondence.*

We have told a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in your credit report.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**

---

**PAYMENT COUPON**

Please detach and return this portion with your payment.

Make Checks and Money Orders Payable to:
Cavalry Portfolio Services, LLC

Dennis Oliver Schulz
2316 PASEO DE LAURA APT 204
OCEANSIDE, CA 92056-3749

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

Original Institution:    CitiFinancial
Original Account No.:   2009120183915
Cavalry Account No.:    14139307
Outstanding Balance:   $5210.19

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Karen S. Spicer, Esq. SBN 127934<br>Doan Law Firm, LLP<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008<br>TELEPHONE NO.: (760) 450-3333    FAX NO.: (760) 720-6082<br>ATTORNEY FOR *(Name):* Dennis Schultz | FOR COURT USE ONLY<br>F I L E D<br>NORTH COUNTY DIVISION<br><br>2013 NOV -5  PM 3: 06<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO, CA |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

CASE NAME:
Dennis Schultz v. Cavalry Portfolio Services, LLC et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER 37-2013-00074212-CL-MC-NC |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

**4.** Number of causes of action *(specify):* 8

**5.** This case ☐ is   ☑ is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 5, 2013

Karen S. Spicer, Esq
_____
(TYPE OR PRINT NAME)

▶ _Karen S. Spicer_
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8027 |

| PLAINTIFF(S) / PETITIONER(S): | Dennis Schultz |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Cavalry Portfolio Services LLC |
|---|---|

SCHULTZ VS. CAVALRY PORTFOLIO SERVICES LLC

| NOTICE OF CASE ASSIGNMENT<br>and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2013-00074212-CL-MC-NC |
|---|---|

## CASE ASSIGNMENT

Judge: Jacqueline M. Stern                                        Department: N-27

**COMPLAINT/PETITION FILED:** 11/05/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/02/2014 | 09:00 am | N-27 | Jacqueline M. Stern |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
# County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00074212-CL-MC-NC      CASE TITLE:

Schultz vs. Cavalry Portfolio Services LLC

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **and**
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at _www.courtinfo.ca.gov/selfhelp/lowcost_.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |

PLAINTIFF(S):   Dennis Schultz

DEFENDANT(S):   Cavalry Portfolio Services LLC

SHORT TITLE:   SCHULTZ VS. CAVALRY PORTFOLIO SERVICES LLC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2013-00074212-CL-MC-NC |
|---|---|

Judge: Jacqueline M. Stern                                         Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____              _____
Name of Plaintiff                      Name of Defendant

_____              _____
Signature                              Signature

_____              _____
Name of Plaintiff's Attorney           Name of Defendant's Attorney

_____              _____
Signature                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/05/2013                      _____
                                        JUDGE OF THE SUPERIOR COURT